(No. 2513—)

EDWARD JOHNSON, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed October 13, 1937.*

WILLIAM R. JORDAN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The complaint herein alleges in substance that claimant resides at the corner of Lincoln and Eighth Streets in Hinsdale, Illinois; that on the evening of April 6th, 1934, a member of the Army Air Corps lost control of the plane which he was piloting, and landed same on the premises occupied by the claimant, striking a certain plow and disc owned by the claimant and demolishing same, to the damage of the claimant of $62.50, for which amount he seeks an award in this proceeding.

The Attorney General has entered a motion to dismiss for the reason that there is no liability on the part of the State under the facts set forth in the complaint.

The report of the Adjutant General indicates that the accident in question was not caused by any fault or neglect on the part of the pilot, but for the purposes of this motion, the facts set forth in the complaint will be taken as true.

The complaint does not allege that the pilot of the plane was an agent or servant of the respondent, nor does it allege that the damage in question resulted from any negligence on the part of said pilot. However, even if the proper allegations in that behalf were set forth in the complaint, we would have no authority to allow an award.

The State in the control and regulation of the Illinois National Guard, is acting in a governmental capacity, and this court has repeatedly held that in the exercise of its governmental functions, the State is not liable for the negligence of its servants and agents, in the absence of a statute making it so liable. *Haye, et al.* vs. *State,* 5 C. C. R. 359; *Kershow* vs. *State,* 6 C. C. R. 587; *Winnebago County, etc.* vs. *State,* 7 C. C. R. 95. No such statute has been called to our attention, and in the absence thereof, we have no authority to allow an award. The motion of the Attorney General must therefore be sustained.

Motion to dismiss allowed. Case dismissed.